# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: W.W.-1, N.W.-2, and E.P.-3

No. 15-1011 (Taylor County 15-JA-1, 15-JA-2, & 15-JA-3)

## MEMORANDUM DECISION

Petitioner Father W.W.-2, by counsel Dante M. Fuscardo, appeals the Circuit Court of Taylor County's September 14, 2015, order terminating his parental rights to W.W.-1 and N.W., and his custodial rights to E.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Mary Susan Nelson, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying his motion for a post-adjudicatory improvement period, denying his request to present his psychologist as a witness at disposition, in terminating his parental and custodial rights instead of imposing a less-restrictive dispositional alternative, and in denying him post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition regarding petitioner's biological children, W.W.-1 and N.W., and his wife's child, E.P. At the time the DHHR filed the petition, all the children lived with petitioner and his wife, A.W. The petition alleged chronic and severe domestic violence between petitioner and his wife in the children's presence. According to the petition, these acts frequently included guns or knives and thrown objects, thereby jeopardizing the children's physical safety. Further, the children were subjected to verbal abuse and were sometimes made to watch the violence directly so they could be used as witnesses on petitioner's behalf if law enforcement became involved. The petition specifically alleged that on

---

[1]Because one of the children and petitioner share the same initials, they shall be referred to as W.W-1 and W.W.-2 throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

October 12, 2014, petitioner and A.W. were each charged with domestic battery against one another after an episode of violence in the home. The petition also alleged that in January of 2015, the parents engaged in a two-day episode of violence during which the children witnessed petitioner hand his wife a loaded firearm and instruct her to put it in her mouth and kill herself. When A.W. failed to comply, petitioner pointed the loaded firearm at her. The petition further alleged that during this episode, A.W. attempted to hit petitioner with a battery but struck one of the children instead.

The circuit court held a preliminary hearing in January of 2015 and removed the children from petitioner's home. On April 15, 2015, the circuit court held an adjudicatory hearing, during which petitioner stipulated to certain allegations in the petition and moved for a post-adjudicatory improvement period. The motion was taken under advisement and the circuit court scheduled an in camera hearing to take testimony from the two oldest children. Several days later, the circuit court held the in camera hearing, during which both W.W.-1 and N.W. testified that they felt unsafe and frightened on a regular basis in the home. They testified that petitioner wanted them to watch the violence between him and A.W. so they could serve as witnesses to law enforcement. They further testified that they have access to unlocked guns in the home, and that petitioner and A.W. wielded guns and knives and threw objects at each other during arguments. They also testified that petitioner harmed their pets and recalled having lost two different family pets due to petitioner's abuse.

In July of 2015, the circuit court held a dispositional hearing and denied petitioner's request for an improvement period. Ultimately, the circuit court terminated petitioner's parental rights to his biological children, W.W.-1 and N.W., and terminated his custodial rights to his wife's child, E.P. Following the dispositional hearing, petitioner was permitted post-termination visitation and contact with the children. However, following a multidisciplinary team ("MDT") meeting in September of 2015, the circuit court entered an order on September 14, 2015, prohibiting petitioner from having contact of any kind with the children or their caretakers. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the rulings below.

First, the Court finds no merit to petitioner's argument that the circuit court erred in denying his motion for a post-adjudicatory improvement period. In support, petitioner argues that he was entitled to an improvement period because he admitted to the allegations in the petition and accepted responsibility for his anger management issues and lack of insight. The Court, however, does not agree. Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In denying petitioner's motion, the circuit court noted that petitioner "denied [and] minimized" his actions during the proceedings and was further "evasive, equivocal and not credible" because he was not "open and honest with the [c]ourt." After considering the children's in camera testimony, the circuit court found that it was "unlike any abuse the [c]ourt has seen in thirty-eight years," as it involved "weapons [being] used on a regular basis, drunken brawls [taking place] on an almost daily basis involving knives and guns," and that the children were involved in these altercations "to the point that [they] were threatened or injured." Ultimately, the circuit court found that petitioner believed someone else was responsible for the abuse inflicted on the children and refused to accept his role in the same. As such, it is clear petitioner could not satisfy the burden necessary to obtain an improvement period.

Further, we have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While it is true that petitioner stipulated to certain allegations in the petition at adjudication, it is clear that he failed to fully acknowledge the existence of the problem by accepting the truth of the allegations against him. The record is clear that petitioner failed to acknowledge his role in the abuse, the scope of the abuse, or its duration, among other issues. For these reasons, we find no error in the circuit court denying his motion for a post-adjudicatory improvement period.

Next, the Court finds no error in the circuit court denying petitioner's request to present testimony from his psychologist at disposition.[3] In support of this argument, petitioner alleges

---

[3]Petitioner's assignment of error actually alleges that the circuit court erred in denying the presentation of his witnesses at disposition. However, his argument in support of this assignment of error addresses only the denial of his request to call his psychologist to testify. As such, we will limit our discussion of this assignment of error to that specific evidentiary determination.

that testimony from the psychologist "may have been able to alleviate some of the [c]ourt's possible concerns, or at least encouraged the [c]ourt to adopt a less restrictive [dispositional] alternative." The Court, however, does not agree. We have previously held that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 2, *State v. Meadows*, 231 W.Va. 10, 743 S.E.2d 318 (2013). The record is clear that the psychologist's evaluation of petitioner was admitted into evidence for the circuit court's consideration. Further, petitioner does not contend that the psychologist's report does not accurately reflect his findings or opinions, nor does he allege that the evaluation is incomplete. As such, it is clear that the psychologist's testimony was unnecessary, as the circuit court was already presented with the substance of his findings. Moreover, the psychologist's findings are not ultimately beneficial to petitioner, as he specifically noted that petitioner "believes he is being wrongly accused during this process[,]" and that his prognosis for petitioner was "guarded." Simply put, the psychologist's opinions support the circuit court's findings that petitioner failed to acknowledge his role in the abuse and neglect and that there were no services available to correct the same. For these reasons, the Court finds no error in the circuit court denying petitioner's request to present the psychologist's testimony.

Next, the Court finds no error in the circuit court terminating petitioner's parental and custodial rights. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Simply put, petitioner failed to acknowledge the extent of his abuse of the children and, as such, could not even attempt to correct these issues. Further, the circuit court found that termination of petitioner's parental and custodial rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon these findings.

Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Therefore, it was not error for the circuit court to terminate petitioner's parental and custodial rights instead of imposing a less-restrictive dispositional alternative. On appeal, petitioner alleges that the current placements for the children are against their best interests because he has a strong bond with them and that, as such, it was error to terminate his rights. This argument, however, ignores the children's

4

testimony that they were frightened of petitioner and did not feel safe living in his home. Further, the evidence shows that petitioner's own actions left the circuit court no choice other than to terminate his parental and custodial rights, based upon the findings outlined above. For these reasons, we find no error in the circuit court terminating petitioner's parental and custodial rights.

Finally, the Court finds no error in the circuit court denying petitioner post-termination visitation with the children. In support of this assignment of error, petitioner again argues that he has a strong bond with the children and that they were happy when they were with him. The Court notes, however, that this argument is entirely unsupported by the record. While it is true that the circuit court initially granted petitioner post-termination visitation, it later terminated visitation after the MDT's request because of petitioner's detrimental effect on the children.

We have previously held as follows:

"When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). On appeal, petitioner provides no evidence that his continued visitation with the children would be in their best interest. Conversely, the circuit court was presented with evidence that such visitation was detrimental to the children. As such, we find no error in the circuit court denying further post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II